UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MURPHY, on behalf of himself and all other
persons similarly situated,

                                        Plaintiff,

                    - against -

THE HOME DEPOT, INC.,

                                        Defendant.

**OPINION AND ORDER**

19 Civ. 9920 (ER)

Ramos, D.J.:

James Murphy, on behalf of himself and all other persons similarly situated, brought this
action against The Home Depot, Inc. on October 25, 2019 for a violation of his rights under the
Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New
York City Human Rights Law.  On May 6, 2020, Murphy filed an Amended Complaint.  On
June 1, 2020, Home Depot filed a Motion to Dismiss.  Now pending before the Court is Home
Depot's motion to dismiss the Amended Complaint.  For the reasons discussed below, Home
Depot's motion to dismiss is GRANTED.

I.    **BACKGROUND**[1]

Murphy is a legally blind person who uses Braille to read written materials.  Amend.
Compl. ¶ 2.  Murphy brings this action against Home Depot for its failure to sell store gift-cards
with auxiliary aids and services, such as Braille.  *Id.* ¶ 4.  On October 22, 2019, Murphy alleges
that he called Home Depot's customer service office to purchase a gift card which contained
Braille.  *Id.* ¶ 16.  The customer service representative informed him that Home Depot did not

---

[1] The facts alleged in the Amended Complaint are taken as true for the purpose of this motion.

sell gift cards with Braille and did not offer Murphy any alternative auxiliary aids for the purchase of the gift cards.  *Id.* ¶¶ 16–17.  As a result, Murphy alleges that he could not purchase gift cards from Home Depot.  *Id.* ¶ 18.

In the Amended Complaint, Murphy alleges that he cannot access the information on the available gift cards.  *Id.* ¶ 5.  Specifically, Murphy cannot complete a transaction with a gift card online or by phone because he cannot access the card number or the terms of the card without an auxiliary aid.  *Id.* ¶¶ 6–7.  Murphy also alleges that he cannot know information about the gift cards, such as the balance or the cards' terms and conditions.  *Id.* ¶ 20.  Murphy alleges that if the gift cards were made available in Braille he could distinguish them, understand their terms, know the unique card number, and determine the remaining balance.  *Id.* ¶ 46.  Murphy further alleges that Home Depot does not have plans to sell gift cards with Braille and that implementation of auxiliary aids on the gift cards would be neither difficult nor expensive.  *Id.* ¶¶ 8, 15.

## II.    DISCUSSION

Murphy seeks a permanent injunction to cause Home Depot to design, manufacture, and sell gift cards with auxiliary aids for the blind and visually impaired.  *Id.* ¶ 10.  This issue is not unique to this Court, or to Murphy. [2]  Within the past year, numerous cases in the Southern and Eastern Districts of New York have raised the identical question:  whether the ADA requires

---

[2] Murphy has filed eight other identical actions against various retailers in this district, all of which are dismissed, stayed, or terminated.  *Murphy v. Kohl's Department Stores,* No. 19 Civ. 9921 (GHW), 2020 WL 1974261, at *1 (S.D.N.Y. Apr. 24, 2020) (granting defendant's motion to dismiss); *Murphy v. Little Caesar Enterprises, Inc.*, No. 19 Civ. 10329 (LGS), 2020 WL 3318279, at *1 (S.D.N.Y. June 18, 2020) (granting defendant's motion to dismiss); Order Staying Case, *Murphy v. Petsmart,* No. 19 Civ. 9922 (VEC) (S.D.N.Y. July 10, 2020), ECF No. 27; Stipulation of Voluntary Dismissal, *Murphy v. AMC Entertainment Holdings*, No. 19 Civ. 9919 (AT) (S.D.N.Y. June 5, 2020), ECF No. 36; Stipulation of Voluntary Dismissal, *Murphy v. Cost Plus*, No. 19 Civ. 10324 (ER) (S.D.N.Y. Aug. 11, 2020), ECF No. 26; Order Staying Case, *Murphy v. Fogo De Chao 53rd Street*, No. 19 Civ. 10320 (PAE) (S.D.N.Y. July 20, 2020), ECF No. 39; Order Staying Case, *Murphy v. Ruth's Hospitality Group*, No. 19 Civ. 10322 (JPO) (S.D.N.Y. July 20, 2020), ECF No. 29; Stipulation of Voluntary Dismissal, *Murphy v. BP America*, No. 19 Civ. 10323 (S.D.N.Y. June 2, 2020), ECF No. 30.

retail and service establishments to sell accessible gift cards.  In each of those cases which have

been resolved, including two where Murphy was the plaintiff, the Court has answered no.  *See,*

*e.g.*, *Murphy v. Kohl's Dep't Stores, Inc.* No. 19 Civ. 09921 (GHW), 2020 WL 1974261, at *1

(S.D.N.Y. Apr. 24, 2020); *Murphy v. Little Caesar Enter., Inc.*, No. 19 Civ. 10329 (LGS), 2020

WL 3318279, at *1 (S.D.N.Y. June 18, 2020); *Calcano v. The Finish Line, Inc.*, 19 Civ. 10064

(ER), 2020 WL 6135760, at *1 (S.D.N.Y. Oct. 19, 2020); *Dominguez v. Banana Republic*, No.

19 Civ. 10171 (GHW), 2020 WL 1950496, at *1 (S.D.N.Y. Apr. 23, 2020); *Thorne v. Boston*

*Mkt. Corp.*, No. 19 Civ. 9932 (RA), 2020 WL 3504178, at *1 (S.D.N.Y. June 29, 2020);

*Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172 (LGS), 2020 WL 3263258, at *1 (S.D.N.Y.

June 17, 2020).  Home Depot argues that this action should likewise be dismissed because

Murphy lacks standing and fails to state a cognizable claim for relief under the ADA.  Because

this complaint suffers from the same pitfalls considered in the nearly identical line of cases cited

above, and because the Court finds the reasoning of those decisions persuasive, the motion to

dismiss is granted.  2020 WL 1950496, at *1.

### a. Standing

The court will dismiss a claim under Rule 12(b)(1) for failure to allege facts sufficient to

establish standing under Article III of the Constitution.  *See Cortlandt Street Recovery Corp. v.*

*Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).  A plaintiff must "allege facts that

affirmatively and plausibly suggest that it has standing to sue."  *Banana Republic*, 2020 WL

1950496, at *2 (quoting *Id.* at 417).  "In assessing the plaintiff's assertion of standing, [the

Court] accept[s] as true all material allegations of the complaint and . . . construes the complaint

in favor of the complaining party."  *Hellas Telecomm.*, 790 F.3d at 417 (internal quotation marks

3

omitted).  The court may also consider evidence outside the complaint.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A plaintiff seeking to establish standing must allege "first, that it has sustained an "injury in fact" which is both "concrete and particularized" and actual or imminent; second, that the injury was in some sense caused by the opponent's action or omission; and finally, that a favorable resolution of the case is 'likely' to redress the injury."  *Hellas TeleComm.*, 790 F.3d at 417 (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted).  Plaintiffs seeking injunctive relief must also identify a "real and immediate threat of future injury."  *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004).  The Supreme Court has held that the threat must be "certainly impending to constitute an injury-in-fact and that allegations of possible future injury are not sufficient."  *Whitmore v. Arkansas*, 494 U.S. 149, 158 (1990)).

The Second Circuit has established that a plaintiff has standing in an ADA suit seeking injunctive relief "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

The Court first considers whether Murphy has established an injury-in-fact under Title III of the ADA.  An injury-in-fact is found "where plaintiffs have encountered barriers at public accommodations and if they show a plausible intention or desire to return to the place but for the barriers to access."  *Banana Republic*, 2020 WL 1950496, at *5 (internal quotations omitted).  Here, it is enough that Murphy alleges that he called Home Depot's service office to inquire about purchasing a Braille gift card and was told that the store does not stock Braille gift cards.

Amend. Compl. ¶ 16.  Murphy has, therefore, sufficiently alleged an injury-in-fact.  *See Finish Line*, 2020 WL 6135760, at *2 (holding that plaintiff has alleged a sufficient injury in fact in alleging that defendant did not stock Braille gift cards).

Murphy alleges that Home Depot does not plan to start selling Braille gift cards.  Amend. Compl. ¶ 15.  This allegation is enough to satisfy the second element of the ADA standing requirement – that it is reasonable to believe the discrimination would continue.  *See, e.g.*, *Banana Republic*, 2020 WL 1950496, at *5 (stating that it is enough to meet the second element of the ADA standing requirement by simply alleging that the defendant does not plan to start selling Braille gift cards).

The third prong of the test, intent to return, is a "highly fact-sensitive inquiry" which considers "the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of the plaintiff's past visits" and "other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015).  Murphy has not provided enough specific facts to demonstrate an intent to return.  He has only alleged that he has been a customer of Home Depot on prior occasions and "intends to immediately purchase at least one store gift card" when they become available from Home Depot.  Amend. Compl. ¶ 21.  Murphy also alleges that he lives nearby a Home Depot retail location.  *Id.* ¶ 25.  Similar to the instant case, the plaintiffs in *Banana Republic* and *Finish Line* asserted that they had been customers of the stores on prior occasions and that there were many stores located around their residences and New York.  *Banana Republic*, 2020 WL 1950496, at *6; *Finish Line*, 2020 WL 6135760, at *2. Finding plaintiff's allegations were "generic, conclusory statements," the court in those cases refused to find that the plaintiffs had plausibly plead that they intended to return to the stores

where they encountered the discrimination.  *Id.*  Here too, Murphy's allegation that he would immediately buy a gift card with Braille is insufficient to satisfy the third element of the ADA standing requirement.  *Id.* (concluding that allegations were "generic, conclusory statements" that do not demonstrate that plaintiff "owns several Banana Republic pieces already and wishes to continue compiling a collection with the help of a Banana Republic gift card"); *compare Taco Bell Corp.*, 2020 WL 3263258, at *2 (holding more plausible allegations of the intent to return given "the nature of Taco Bell's business and the broader appeal and accessibility of its products, as compared with …clothing" ); *Thorne*, 2020 WL 3504178, at *4 (finding standing where plaintiff argued that he had patronized the defendant's restaurants in the past, lived within one block of the restaurant and intends on immediately purchasing a gift card when defendant restaurant sells gift cards that are accessible for the blind and visually impaired).

The parties agree that New York State and New York City Human Rights Law's claims are governed by the same federal standards set out by the Second Circuit.  Response in Opp, Doc. 23 at 24.  *Mendez v. Apple, Inc.*, No. 18 Civ. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).  Murphy therefore fails to establish standing to bring those claims as well.  In any event, having determined that Murphy has no standing to press his federal claim, this Court would decline to exercise supplemental jurisdiction over his state and city claims.  *See* 28 U.S.C. § 1367(c)(3) (stating a district court "may decline to exercise supplemental jurisdiction over a claim [once it] has dismissed all claims over which it has original jurisdiction"); *see also Finish Line*, 2020 WL 6135760, at *3.

### a.  Failure to State a Cognizable Claim Under the ADA

Even if Murphy had standing to sue, he has failed to state a cognizable claim under the ADA.  Rule 12(b)(6) requires that a complaint allege sufficient facts "to state a claim for relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 1974 (2007).  In

determining plausibility, the courts will consider a "two-pronged approach."  *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009).

> First, the tenet that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions.  Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements, do not
> suffice … Second, only a complaint that states a plausible claim for relief
> survives a motion to dismiss.  Determining whether a complaint states a plausible
> claim for relief will … be a context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense.

*Id.* at 1940–41 (internal citations omitted).  A district court may consider the facts stated in the

complaint, "documents appended to the complaint or incorporated in the complaint by

reference," and "matters of which judicial notice may be taken."  *Leonard F. v. Isr. Dis.Bank of*

*N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotations omitted).

Title III of the ADA provides that "no individual shall be discriminated against on the

basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages or accommodations of any place of public accommodation by any person who owns,

leases (or leases to), or operates a place of public accommodation."  43 U.S.C. § 12182(a).  To

state claim for violation of Title III of the ADA, a plaintiff must "establish that (1) he or she is

disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of

public accommodation; and (3) that the defendants discriminated against the plaintiff within the

meaning of the ADA."  *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94–95 (2d Cir. 2012).

To satisfy the ADA standard, Murphy argues:  (1) gift cards are goods which should be

made accessible to the blind; (2) gift cards are a service which are entitled to auxiliary aids; (3)

gift cards are similar to websites, which are places of public accommodation under the ADA; and

(4) Home Depot discriminated against him when it denied him a gift card with Braille.  Memo in

Opp. Doc. 23 at 1.  None of these arguments state a claim under the ADA.  *Finish Line*, 2020

WL 6135760, at *3 (finding that virtually identical arguments were insufficient to state a claim

under the ADA); *see also Banana Republic,* 2020 WL 1950496, at *8; *Art of Shaving – FL, LLC*,

2020 WL 1989413, at *1; *Mendez v. Coach Services, Inc.*, No. 1:19 Civ. 11856 (GHW), 2020

WL 1989413 (S.D.N.Y. May 19, 2020).

 As an initial matter, the Court disagrees with Murphy's contention that gift cards are a

"cash-like product[,]" rather than goods.  Memo in Opp. Doc. 23 at 15.  "Gift cards are plainly

the type of goods a business normally offers that need not be made accessible pursuant to Title

III."  *Banana Republic,* 2020 WL 1950496, at *6; *see also Thorne,* 2020 WL 3504178, at *7

("The most natural understanding of a gift card is therefore as a good.").[3]

 Secondly, "[g]ift cards are neither public accommodations nor are they places."  *Banana

Republic*, 2020 WL 1950496, at *7–9.  Title III of the ADA prohibits discrimination "by any

person who owns, leases (or leases to), or operates a place of public accommodation" in

connection with the goods and services "of [that] place of public accommodation."  42 U.S.C. §

12182(a).  The statute lays out 12 categories of places of public accommodation and provides

that "private entities are considered public accommodations ... if the operations of such entities

affect commerce."[4]  *Id.*  "[R]eading the words 'place of public accommodation' to include small

---

[3] Murphy cites to *Am. Council of the Blind v. Paulson, Sec'y of the Treasury*, 463 F. Supp. 2d 51 (D.D.C. 2006) for the proposition that a gift card is a prescribed form of currency and therefore, a service offered by a corporation. The court in *Paulson* held that the "Treasury Department's failure to design, produce and issue paper currency that is readily distinguishable to blind and visually impaired individuals violates § 504 of the Rehabilitation Act." *Id.* at 63.  As an initial matter, *Paulson* was construing the Rehabilitation Act, not the ADA.  *Id.*  *Paulson* also does not describe the U.S. currency as a "service," nor does it reference gift cards at any point.  *Id.*; *see also Thorne*, 2020 WL 3504178, at *8 ("Gift cards are – at best- an 'optional' financial tool.").

[4] Murphy argues that places of public accommodation need not be physical structures citing to *Andrews v. Blick Art Materials*, 268 F. Supp. 3d 381, 384 (E.D.N.Y. 2017).  Memo in Opp., Doc. 23 at 29.  However, this Court has held on numerous occasions that gift cards are not public accommodations. *See, e.g.*, *Banana Republic*, 2020 WL 1950496, at *7–9; *Finish Line*, 2020 WL 6135760, at *5.

slabs of plastic requires more than just a broad construction of Title III – it requires a rewrite of Title III entirely." *Banana Republic*, 2020 WL 1950496, at *9; *see also Throne,* 2020 WL 3504178, at *7–8 (rejecting plaintiff's argument that gift cards are a "place of public accommodation").[5]

Finally, because the Court concludes that gift cards are goods, Home Depot cannot be required to offer accessible gift cards that include Braille.  The Department of Justice ("DOJ") has clearly stated that the ADA "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities."  28 C.F.R. § 36.307(a); s*ee, e.g., Banana Republic,* 2020 WL 1950496, at *7 ("[T]he plain text of the ADA and the Department of Justice's impending regulations make clear the exact opposite:  a retailer need not alter the mix of goods that it sells to include accessible goods for the disabled."); *Thorne*, 2020 WL 3504178, at *9 (holding that defendant is "not required to stock accessible goods, including accessible gift cards").

Murphy argues that Home Depot has denied him full and equal access to the gift cards. Amend. Compl. ¶¶ 41–43; Memo in Opp., Doc. 23 at 20.  Under the ADA, a public accommodation discriminates when there is:

> [A] failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

---

[5] Murphy attempts to analogize a gift card to a website.  Memo in Opp, Doc. 23 at 12.  This argument plainly fails because a gift card is a "good" and not a "space."  *See Throne v. Boston Market Corp.*, at *8 ("A gift card does not offer a place to purchase a good or service.  Instead, the gift card is itself the good that can be purchased at such place."); *Banana Republic*, 2020 WL 1950496, at *8 ("Put differently, a consumer can make a purchase with a gift card, but not on or in a gift card.").

*Thorne*, 2020 WL 3504178, at *10 (citing 42 U.S.C. § 12182(b)(2)(A)(iii).  The regulations do not require the prescription of any particular auxiliary aid or service, rather they provide that "[t]he type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place."  28 C.F.R. §36.303(c)(1)(iii).

In implementing these regulations, Home Depot is permitted flexibility in choosing what auxiliary aid or service to provide.[6]  28 C.F.R. §36.303(c)(1)(ii) ("The ultimate decision as to what measures to take rests with the public accommodations, provided that the method chosen results in effective communication."); *see, e.g. Thorne,* 2020 WL 3504178, at *11; *see also Banana Republic*, 2020 WL 1950496, at *fn. 8; *West v. Moe's Franchisor, LLC*, No. 15 Civ. 2846 (WHP), 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015).  Murphy asserts that Home Depot does not offer any alternative auxiliary aids or services beyond being denied a gift card with Braille.  Amend. Compl. ¶ 11.  However, identical to the facts of *Finish Line*, Murphy never tried to discover whether Home Depot could provide other auxiliary aids and services.  *Id*. ¶ 16; *see Finish Line*, 2020 WL 6135760, at *4.  Therefore, Murphy has not plausibly pleaded that Home Depot fails to offer alternative auxiliary aids or services to assist the visually impaired.

### III.    CONCLUSION

For the foregoing reasons, Home Depot's motion to dismiss is GRANTED.  Murphy may file a second amended complaint, if at all, by November 19, 2020.  If no amended complaint is

---

[6] Murphy argues that reasonable accommodation is an affirmative defense when disputing whether the use of Braille is an appropriate auxiliary aid and service.  Murphy relies on *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp 2d 946 (N.D. Cal. 2006) and *Access Now, Inc. v. Blue Apron, LLC*, No. 17 Civ. 116 (JL), 2017 WL 5186354 (D.N.H. Nov. 8, 2017).  As an initial matter, these cases do not involve gift cards but rather websites.  As numerous courts in this Circuit have found, websites are places of public accommodation which are distinguishable from gift cards.  *See, e.g.*, *Taco Bell Corp.*, 2020 WL 3263258, at *5; *Banana Republic*, 2020 WL 1950496, at *7.

filed within that time frame, the Clerk of the Court is directed to enter a final judgement of

dismissal and directed to terminate the case.  The Clerk of the Court is respectfully directed to

terminate the motion, Doc. 20.

It is SO ORDERED.

Dated:    November 5, 2020
          New York, New York

_____

EDGARDO RAMOS, U.S. D.J.